a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNNIE MARTIN #25238038,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-02930<br>SEC P |
| VERSUS | JUDGE DRELL |
| STAFF/EMPLOYEES U S P<br>POLLOCK ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by *pro se* Plaintiff Johnnie Martin ("Martin") pursuant to under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1] and/or the Federal Tort Claims Act ("FTCA"). Martin is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). He names as Defendants "Staff and Inmates (Unknown)" at USP-Pollock.

Because the Court lacks jurisdiction under the FTCA and Martin fails to state a viable claim under *Bivens*, his Complaint (ECF No. 1) should be DISMISSED.

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

I. Background

Martin alleges that he was served undercooked eggs, from which he contracted salmonella. Martin claims that his administrative remedies about the incident were unjustly denied. ECF No. 1.

Martin's lawsuit was filed using Complaint forms for *Bivens* and 42 U.S.C. § 1983. ECF No. 1 at 1-4 and 7-10. In an attachment, Martin also alleges a violation of the FTCA.

II. Law and Analysis

A. Martin's Complaint is subject to preliminary screening under 28 U.S.C. §§ 1915 and 1915A.

Martin is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, Martin's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Martin's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Martin fails to state a claim under § 1983.

Martin is a federal prisoner in BOP custody. Claims of constitutional violations against federal government actors must be brought under *Bivens*. "A *Bivens* action and a § 1983 suit represent coextensive proceedings; the 'only difference' being that the former involves an action against federal actors and the latter against state actors." *Doe v. Neveleff*, 11-CV-907, 2013 WL 489442, at *3 (W.D. Tex. Feb. 8, 2013), *report and recommendation adopted*, 2013 WL 12098684 (W.D. Tex. Mar. 12, 2013) (citing *Izen v. Catalina*, 398 F.3d 363, 367 n. 3 (5th Cir.) (per curiam), *cert. denied*, 547 U.S. 1111 (2006)). Because Martin does not sue any state actors, he cannot state a claim under § 1983.

### C. The Court lacks jurisdiction over Martin's FTCA claim.

The FTCA contains a waiver of sovereign immunity that provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. . . ." 28 U.S.C. § 2674 (2006). However, claims under the FTCA must be properly exhausted. The exhaustion provision under the FTCA is jurisdictional.

*See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996).

Martin claims that he filed administrative grievances (ECF No. 1 at 6), but he does not allege that he submitted a "Standard Form 95," which is the form necessary to exhaust claims under the FTCA. *See Brown v. United States*, 5:11-CV-63, 2012 WL 7655323, at *2 (S.D. Miss. Dec. 19, 2012), *report and recommendation adopted sub nom. Brown v. Fed. Bureau of Prisons*, 5:11-CV-63, 2013 WL 797443 (S.D. Miss. Mar. 4, 2013) (citing *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996) (holding that a claim must contain the information required by Standard Form 95); *Smith v. United States Dep't of Justice*, 2012 WL 5590831, at *2 (N.D. Fla. 2012) (finding inmate grievances sufficient to exhaust *Bivens* action, but not FTCA claim); *McDaniels v. Richland County Public Defender's Office*, 2012 WL 1565618, at *5 (D. S.C. 2012) (holding BOP prison grievances are not sufficient to satisfy FTCA exhaustion requirements).

Because Martin did not exhaust his FTCA claim as required by 28 C.F.R. §§ 543.30-543.32, the Court lacks jurisdiction over that claim.

    D.    <u>Martin fails to state a viable conditions-of-confinement claim under *Bivens*.</u>

*Bivens* recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 389. Thereafter, the United States Supreme Court extended *Bivens* in only two more cases: *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing a cause of action under the Due Process Clause of the Fifth Amendment for a female employee

who was terminated based on her gender); and *Carlson v. Green*, 446 U.S. 14, 16–18 (1980) (recognizing a cause of action under the Eighth Amendment for a deceased prisoner who was deprived medical attention by prison officers who knew of his serious medical condition). *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1855 (2017) ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

In recent decades, the Supreme Court has "consistently refused to extend *Bivens* to any new context." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *accord Abbasi*, 137 S. Ct. at 1857 (noting that the Court has refused to recognize new *Bivens* actions "for the past 30 years" and listing a series of cases involving such refusals).

> As the United States Court of Appeals for the Fifth Circuit recently noted:
>
> In *Abbasi*, the Court stated that "[w]hen a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis. The question is who should decide whether to provide for a damages remedy, Congress or the courts?" 137 S. Ct. at 1857 (internal quotation marks and citation omitted). "The answer," the Court concluded, "most often will be Congress." *Id*. This is because "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id*. (cleaned up). As a result, "the Court has urged caution before extending *Bivens* remedies into any new context." *Id*. (internal quotation marks and citation omitted). Indeed, "expanding the *Bivens* remedy is now considered a disfavored judicial activity." *Id*. (internal quotation marks and citation omitted).

*Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (citing

5

*Abbasi*, 137 S. Ct. at 1843). Because *Bivens* is a judicially crafted remedy, and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context"; and (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity) (internal quotations and citations omitted). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancient regime*' that freely implied rights of action" and that "ended long ago.") (emphasis in original), *cert. denied*, 2021 WL 2044553, at *1 (2021); *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021).

"Virtually everything else is a 'new context' " and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Stone*, 2021 WL 2936055 at *5 (quoting *Oliva*, 973 F.3d at 442 (citations omitted)). The types of differences that are meaningful enough to make the context "new" include: "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of

other branches; or the presence of potential special factors that previous Bivens cases did not consider." *Abbasi*, 137 S. Ct. at 1860. Moreover, "it is not enough even if 'a plaintiff asserts a violation of the same clause of the same amendment in the same way.'" *Oliva*, 973 F.3d at 442 (quoting *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Stone*, 2021 WL 2936055 at *5.

Martin's demand for damages for allegedly contracting salmonella from undercooked eggs differs significantly "from the *Bivens* trilogy of actions sanctioned by the Supreme Court," and is foreclosed by *Abbassi*. *Stone*, 2021 WL 2936055 at *5 (citing *Abbasi*, 137 S. Ct. at 1859, 1865) (*Carlson* only recognized an implied damages remedy under the Eighth Amendment for "failure to provide medical treatment.")). Other courts, post-*Abbasi*, have also held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims.[1] Thus, Martin cannot state a claim under *Bivens* for the conditions of his confinement.

Even if *Bivens* extended to Martin's salmonella claim, he cannot establish that he was confined in conditions that amounted to punishment, or that Defendants acted with deliberate indifference. *See Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). First, Martin specifically alleges that the United States and its employers were negligent in providing inadequate food services. ECF

---

[1]*See Menard v. Mansi*, No. 21-cv-2130, 2021 WL 2156366, *4 (E.D. Pa. May 27, 2021) (citations omitted); *Hill v. Lappin*, No. 3:11-cv-1609, 2021 WL 2222725, *3 (M.D. Pa. Jun. 2, 2021) (noting that although courts "in the wake of *Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles, however, and courts began to appreciate *Abbasi*'s watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement. . . claims.").

No. 1 at 4. Negligence does not support an Eighth Amendment claim. *Wilson v. Seiter*, 501 U.S. 294, 305 (U.S. 1991). Moreover, the Fifth Circuit has found that a single incident of food poisoning at a prison does not rise to the level of a constitutional violation. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) (citing *Hyder v. Perez*, No. 96–40003, 1996 WL 255243, at *1 (5th Cir. 1996) (unpublished) (per curiam); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988)); *see also Ruff v. Summit Food Service, LLC*, 2021 WL 4399727, at *6 (W.D. Tex. 2021) (citing *George*, 837 F.2d at 707; *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996)).[2]

### E. <u>Martin fails to state a viable claim for the denial of his grievances.</u>

Martin complains that his administrative remedies were improperly denied. ECF No. 1 at 2. Even if *Bivens* extended to this claim, it would fail. Plaintiffs do not have a federally protected liberty interest in having their grievances investigated or resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless).[3]

---

[2] Martin previously filed a civil suit based on food poisoning, but the claim involved an alleged 2011 incident at a penitentiary in Pennsylvania. The complaint was denied and dismissed. *Martin v. United States*, No. 1:13-CV-01456 (M.D. Pa.).

[3] *See also Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Beall v. Johnson*, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. 2002) (per curiam) (unpublished) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit); *Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (per curiam) (unpublished) (claims that the defendants violated constitutional rights by failing to investigate grievances fall short of establishing a federal constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir, 1993) (quotation omitted) (holding that a prison grievance

III. <u>Conclusion</u>

Because the Court lacks jurisdiction over Martin's FTCA claim, IT IS RECOMMENDED that the claim be DISMISSED WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED that Martin's *Bivens* and § 1983 claims should be DENIED and DISMISSED WITH PREJUDICE under § 1915 and § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 9, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").